**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PEDRO JUAN TAVARES,                :
                                    :  Civil Action No. 11-1328 (KM)
            Plaintiff,              :
                                    :
         v.                         :  **OPINION**
                                    :
ERIC HOLDER, et al.,                :
                                    :
            Defendants.             :

**APPEARANCES:**

Plaintiff pro se
Pedro Juan Tavares
Franklyn Correctional Facility
Malone, NY  12953-0010

**McNULTY,** District Judge

1.  Plaintiff Pedro Juan Tavares seeks to reopen his case alleging violations of his constitutional rights pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), and 42 U.S.C. § 1983.

2.  Plaintiff is currently incarcerated at Franklyn Correctional Facility in Malone, New York.[1]

---

[1] At the time he submitted his original Complaint for filing in the U.S. District Court for the Southern District of New York, on January 18, 2010, Plaintiff was a criminal pre-trial detainee confined at the George R. Vierno Center on Rikers Island, New

3. Because Mr. Tavares's first application for leave to proceed in forma pauperis was deficient, this Court denied the application and administratively terminated the original Complaint. This matter was reopened upon Plaintiff's submission of a complete application for leave to proceed in forma pauperis.

4. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), this Court granted Plaintiff's application for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and ordered the Clerk of the Court to file his Amended Complaint.[2]

5. This Court then reviewed Mr. Tavares's Amended Complaint, which alleges that federal immigration authorities subjected him to excessive detention relating to deportation proceedings pursuant to 8 U.S.C. § 1226(c), and

---

York. Because the alleged events giving rise to Plaintiff's claims occurred in the District of New Jersey, the matter was transferred to this Court. See Tavares v. Holder, Civil No. 10-1723 (S.D.N.Y.).

[2] The Court considers Mr. Tavares's previously granted in forma pauperis status to continue in effect for purposes of this motion. Accordingly, the new in forma pauperis application Mr. Tavares filed with this motion to reopen the case and file an amended complaint will be dismissed as moot. In any event, the new application suggests that he remains unable to afford filing fees.

that during that detention he suffered unconstitutional conditions of confinement.

6. The Amended Complaint names as Defendants U.S. Attorney General Eric Holder, Secretary of Homeland Security Janet Napolitano, Monmouth County Jail Warden Brian Elwood, and Passaic County Jail Warden Theodore J. Hutter, Jr. Plaintiff alleges that Attorney General Holder and Secretary Napolitano violated his Fifth, Eighth, and Fourteenth Amendment due process and equal protection rights by dragging out "unlawful" deportation proceedings. He alleges that they also violated his Fifth and Fourteenth Amendment due process and equal protection rights, as well as his Eighth Amendment rights, by subjecting him to excessive and unlawful detention. He also alleges that Holder and Napolitano violated his rights under the Fifth, Eighth, and Fourteenth Amendments, and under 42 U.S.C. §§ 1983,[3] 1985,[4] and 1986,[5] by failing to properly supervise

---

[3] Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979)).

[4] Section 1985(3) provides a damages remedy for conspiracy to deprive persons of the equal protection of the law.

[5] Section 1986 provides a cause of action against any person who, "having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be

    their subordinates, who allegedly subjected Plaintiff to excessive detention in connection with his deportation proceedings.

7. Plaintiff alleges that Defendant Brian Elwood violated his Fifth and Fourteenth Amendment rights by searching Plaintiff's cells with dogs, by not giving Plaintiff sufficient time at the law library, and by placing Plaintiff in solitary confinement. Plaintiff alleges that Defendant Theodore J. Hutter, Jr., violated his constitutional rights by searching Plaintiff's cell and dorm areas with dogs on almost a weekly basis, by housing Plaintiff in unsanitary areas (including areas infested with rats and roaches), and by triple-bunking Plaintiff with other inmates.

8. This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous or malicious, that fail to state a claim, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. §

---

committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such

1997e (prisoner actions brought with respect to prison conditions).

9. Upon reviewing his Amended Complaint, this Court determined that Mr. Tavares had failed to state a claim because it was apparent from the face of the Complaint that Mr. Tavares's civil rights claims were barred by the applicable statute of limitations. See Bethel v. Jendoco Construction Corp., 570 F.2d 1168, 1174 (3d Cir. 1978) (holding that court may dismiss a complaint for failure to state a claim where "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.") (citation omitted)); Jones v. Bock, 549 U.S. 199, 214-15 (2007) (if the allegations of a complaint, "for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim").

10. In its Opinion dismissing the Amended Complaint for failure to state a claim, this Court explained the legal parameters for determining whether Plaintiff's claims were timely. See Tavares v. Holder, Civil Case No. 11-1328 (KM) (D.N.J. Sep. 12, 2012), ECF No. 24. First, the Court explained that the accrual date of a § 1983 action is determined by

---

wrongful act be committed ...."

federal law. Wallace v. Kato, 549 U.S. 384, 388, 127 S.Ct. 1091, 1095 (2007). A federal claim accrues as soon as the injured party "knew or had reason to know of the injury that constitutes the basis of his action." Sandutch v. Muroski, 684 F.2d 252, 254 (3d Cir. 1982) (civil rights action against state officials); Gordon v. Pugh, 235 Fed. Appx. 51, 53 (3d Cir. 2007) (applying same rule to Bivens action; not precedential). Id. at 10-11. Second, the Court explained that Plaintiff's civil rights claims "are best characterized as personal injury actions and are governed by the applicable state's statute of limitations for personal injury actions" and would therefore be "governed by New Jersey's two-year limitations period for personal injury actions based on a wrongful act, neglect, or default." Id. at 11. Finally, the Court explained that, under both New Jersey and Federal law, the two year statute of limitations could be "equitably tolled" or suspended where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," where a plaintiff has "in some extraordinary way" been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum. See

6

>   <u>Freeman v. State</u>, 347 N.J. Super. 11, 31 (App. Div.) (citations omitted), <u>certif. denied</u>, 172 N.J. 178 (2002).

11. Applying these factors to Mr. Tavares's Amended Complaint, the Court found his claims to be barred by the two year statute of limitations:

    > According to the allegations of his Complaint, Plaintiff's claims against the Warden of Monmouth County Jail accrued no later than the date of his release from that facility, October 24, 2003. His claims against the Warden of Passaic County Jail accrued no later than his release date of February 25, 2006. His claims against the Attorney General and Secretary Napolitano accrued no later than his release from physical custody on March 16, 2006. Plaintiff alleges no facts or extraordinary circumstances that would support statutory or equitable tolling under either New Jersey or federal law; these torts, for example, would naturally have been immediately apparent to Plaintiff at the time they were allegedly committed. Thus, Plaintiff's claims, asserted against all defendants on January 18, 2010, are time-barred and will be dismissed with prejudice.

    ECF No. 24 at 13.

12. Accordingly, the Court dismissed the Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim, but granted Plaintiff leave to move to reopen the case within 30 days and directed Plaintiff to attach a proposed amended complaint asserting

      facts demonstrating the timeliness of his claims. <u>See</u> <u>Id.</u> at 14.

13. Plaintiff timely moved to reopen his case and filed a proposed amended complaint. <u>See</u> ECF No. 28 and 28-1.

14. The Court has reviewed Plaintiff's motion and proposed amended complaint and has been mindful to construe them liberally in favor of the plaintiff. <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972); <u>United States v. Day</u>, 969 F.2d 39, 42 (3d Cir. 1992).

15. Plaintiff contends that his claims are timely because the appeal of his deportation order[6] became final on March 23, 2009, when the United States Supreme Court denied Mr. Tavares's petition for rehearing, and he filed the original Complaint in this action on January 18, 2010. <u>See</u> ECF No.

---

[6] Though Plaintiff was detained in New Jersey facilities, his long and complex immigration proceedings have been conducted in New York State. In 2003, an Immigration Judge issued an order of deportation which was affirmed by the Bureau of Immigration Administration on March 31, 2004, rendering the order administratively final. Mr. Tavares was then placed in post-removal-order detention in Passaic County Jail. Plaintiff filed a complaint in the District of New Jersey challenging the fact and duration of his detention and the final order of deportation. The District Court severed and transferred to the U.S. Court of Appeals for the Second Circuit Plaintiff's substantive challenge to the final order of removal, but retained jurisdiction over allegations of civil rights violations arising from his then pending detention. <u>See</u> <u>Tavares v. Meyers</u>, Civil Action No. 04-0302 (WHW)(D.N.J. June 8, 2006), ECF No. 27.

28 at 8.  In other words, the Court understands Mr. Tavares to be arguing that the limitations period was tolled, or that his claims did not accrue, until the date that his immigration appeal became final. In the alternative, Mr. Tavares seems to suggest that he could not instigate this action until he had exhausted the appeal of his deportation order because filing such a complaint would have caused immigration authorities to "re-detain" him. See ECF No. 28 at 8.

16. This Court cannot find any legal or factual support for Mr. Tavares's position, and I adhere to my view that the date from which the statute of limitations runs is the date on which he "knew or had reason to know of the injury that constitutes the basis of his action." Sandutch, 684 F.2d at 254 (3d Cir. 1982).  His civil rights claims arose from the allegedly substandard conditions under which he was detained until 2006, and he certainly was aware of those conditions at the time.  Such claims are not contingent upon the legality, or not, of his final deportation order (which he challenged in the Court of Appeals). Nor can the Court find any facts pleaded in Mr. Tavares's motion papers, Amended Complaint or proposed second amended complaint that would tend to show that "extraordinary

circumstances" prevented him from timely filing the original Complaint.

17. Mr. Tavares challenged his detention as unconstitutional in 2005. At that time the Court considered Mr. Tavares's complaint and dismissed it for failure to state a claim. See Tavares v. Meyers, Civil Action No. 04-0302 (WHW), (D.N.J. June 8, 2006), ECF No. 27. Mr. Tavares appealed and the Court of Appeals for the Third Circuit affirmed the dismissal. See Tavares v. Attorney General USA; Immigration and Naturalization Service, Case No. 06-3185 (3d Cir. Jan. 4, 2007). Mr. Tavares indisputably was not confronted by extraordinary circumstances that prevented him from asserting civil rights claims; indeed he *did* assert such claims in 2005, and they were heard and decided.

18. Even if the Court assumed for purposes of argument that Mr. Tavares's claims were not time-barred (which they are), there exist alternative grounds for dismissal. To the extent that Mr. Tavares is attempting to relitigate claims that he raised or could have raised in his 2005 action, they would be precluded under the doctrines of res judicata. See Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981) ("A final judgment on the merits of an

action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."); Allen v. McMurry, 449 U.S. 90, 97-98 (1980) (applying res judicata doctrines to Section 1983 action); United States v. Athlone Indus., Inc., 746 F.2d 977, 983 (3d Cir. 1984) ("A single cause of action may comprise claims under a number of different statutory and common law grounds.... Rather than resting on the specific legal theory invoked, res judicata generally is thought to turn on the essential similarity of the underlying events giving rise to the various legal claims . . . .") (citing Davis v. United States Steel Supply, 688 F.2d 166 (3d Cir.1982) (in banc)).

19. Accordingly, the Court finds that Plaintiff has not asserted any additional facts demonstrating the timeliness of his claims, and the Court therefore adheres to its prior decision. An appropriate order follows this Opinion.

_____
**Kevin McNulty**
**United States District Judge**

Dated: November 30, 2012